## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**Lisandro Santana-Vasquez,**

    Petitioner,

      v.

**United States of America,**

    Respondent.

CIVIL NO. 17-1771 (PG)
Related Crim. No. 98-066 (PG)

## OPINION AND ORDER

Before the court is petitioner Lisandro Santana-Vasquez's ("Petitioner" or "Santana") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1), and the United States' (or the "government") opposition thereto (Docket No. 3). For the reasons explained below, the court **DENIES** Petitioner's motion to vacate.

## I.      BACKGROUND

On April 21, 1998, a grand jury returned a three-count indictment charging Santana with violations stemming from a carjacking incident. <u>See</u> Crim. No. 98-066 (PG) (hereinafter "Crim."), Docket No. 12. He plead guilty to two of the counts, resulting in convictions for aiding and abetting a carjacking resulting in death, in violation of 18 U.S.C. § 2119(3) ("Count One"), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Two"). <u>See</u> Crim. Docket No. 103. On July 9, 1999, the court sentenced Santana to a total term of 480 months of imprisonment—420 months as to Count One and 60 months as to Count Two, to be served consecutively. <u>Id.</u>

## II.      LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

## III.      DISCUSSION

On June 8, 2017, Santana filed the pending motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. In his petition, Santana claims that the court must vacate his convictions because: (1) Section 924(c)'s residual clause[1] is unconstitutionally vague after Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"); and (2) his carjacking convictions fail to categorically qualify as crimes of violence under the statute's force clause. See Docket No. 1 at pp. 2-14. In support, Santana contends that intimidation does not amount to the use, attempted use, or threatened use of "violent force," and that aiding and abetting does not require "violent force." Id. at pp. 12-13. Additionally,

---

[1] Section 924(c) makes it a crime for any person to use or carry a firearm during and in relation to any crime of violence, or to possess a firearm in furtherance of any such crime. See 18 U.S.C. § 924(c)(1)(A) (alteration in original) (quotation marks omitted). The statute then defines a "crime of violence" as:

> [A]n offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause is known as the "force clause," while the second, as the "residual clause." See, e.g., United States v. Rose, 896 F.3d 104, 106 (1st Cir. 2018); Echevarria-Pacheco v. United States, Civil No. 17-1269 (PG), 2018 WL 4676945, at *1-2 (D.P.R. Sept. 26, 2018) (providing definition of both clauses, but discussing only the force clause in the context of a federal habeas petitioner's challenge to his federal carjacking conviction under 18 U.S.C. § 2119).

Santana avers that a carjacking which results in death does not necessarily require physical force. See id. at p. 12. The government submits Santana's claims fail because (1) Johnson II's ruling was limited to ACCA[2] cases and Santana is not challenging an ACCA enhancement, and (2) even if Section 924(c)'s residual clause was unconstitutionally vague, carjacking qualifies as a crime of violence under Section 924(c)'s force clause. See Docket No. 3 at pp. 5-9.

The court need not reach the merits of Santana's void-for-vagueness challenge to Section 924(c)'s residual clause because his carjacking conviction under Section 2119 qualifies as a "crime of violence" under Section 924(c)'s force clause, as recently held by the First Circuit. See United States v. Cruz-Rivera, 904 F.3d 63, 66 (1st Cir. 2018) (holding that carjacking is a crime of violence under the force clause, even though the offense may be committed through intimidation alone). Furthermore, this court has previously rejected the argument that aiding and abetting does not require "violent force." See Echevarria-Pacheco v. United States, 2018 WL 4676945, at *4; Cruz-Arboleda v. United States, Civil No. 16-2216 (PG), 2018 WL 3031480 at *3 (D.P.R. June 14, 2018) (citing United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994)) (holding that aiding and abetting the commission of a crime of violence is a crime of violence itself).

Moreover, the court finds without merit Santana's contention that the use of physical force is not necessary for death to occur as a result of a carjacking offense. The Supreme Court has held that intentionally causing physical injury—or death in this case—necessarily involves the use of physical force. See United States v. Castleman, 134 S. Ct. 1405, 1414

---

[2] "ACCA" stands for the Armed Career Criminal Act of 1984.

(2014) (holding that the knowing or intentional causation of bodily injury necessarily involves the use of physical force). As such, death as a result of a carjacking under Section 2119 qualifies under Section 924(c)'s "force clause." See <u>Cruz-Arboleda</u>, 2018 WL 3031480 at *2 (citing <u>Castleman</u>, 134 S. Ct. at 1414) (holding that death as a result of a carjacking under Section 2119 qualifies under Section 924(c)'s "force clause"). Consistent with the above-cited decisions, Santana's claims necessarily fail.

## IV.      CONCLUSION

Based on the above, the court **DENIES** Santana's request for habeas relief under 28 U.S.C. § 2255 (Docket No. 1). Consequently, the case is **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

## V.      CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event tha Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, October 24, 2018.


<u>S/ JUAN M. PÉREZ-GIMÉNEZ</u>
**JUAN M. PÉREZ-GIMÉNEZ**
**SENIOR U.S. DISTRICT JUDGE**